UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

Janice Ringwood

    Debtor.

_____/

Case No. 8:09-bk-02798-MGW
Chapter 13

JANICE RINGWOOD

    Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC
350 Highland Drive
Lewisville, Texas 75067

    Defendant.

_____/

Demand for Jury Trial

Adversary Proceeding No.

## COMPLAINT

COMES NOW, Plaintiff, JANICE RINGWOOD, and sues Defendant, NATIONSTAR MORTGAGE, LLC (hereinafter referred to as "NATIONSTAR"), stating as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and § 1334.

2. Venue is proper pursuant to 28 U.S.C § 1391(b) of Title 28 of the United States Code.

## PARTIES

3. Plaintiff, JANICE RINGWOOD, is the Debtor under Chapter 13 of Title 11 of the United States Code in case number 8:09-bk-02798-MGW, filed before this Court

1

on February 18, 2009. Plaintiff completed all of her Chapter 13 Plan payments and received her Discharge. This case was reopened and is presently pending before this Court in order to enforce the bankruptcy violations of Defendant, NATIONSTAR.

4. Defendant, NATIONSTAR, is, upon information and belief, a Delaware limited liability company conducting business in the state of Florida, with its principal office address of 350 Highland Drive, Lewisville, Texas 75067, and is a is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a "person" under Florida Statute § 559.72. At all times material hereto, Defendant, NATIONSTAR, is the current servicer for the mortgage loan on Plaintiff's single family residence.

5. All conduct of Defendant, NATIONSTAR, alleged by Plaintiff was authorized and/or ratified by one or more officers, directors, or managers of Defendant and Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, oppressive, and done knowingly with intent, with malice, and without cause.

6. At all times mentioned herein, the agents and/or employees of Defendant, NATIONSTAR, acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

7. In or around July of 2004, Plaintiff, JANICE RINGWOOD, secured a mortgage

on her property, located at 8733 Osage Drive, Tampa, Florida 33634.

8. On or about February 18, 2009, Plaintiff, JANICE RINGWOOD, commenced the underlying Chapter 13 Bankruptcy, case number, 8:09-bk-02798-MGW (the "Bankruptcy").

9. Plaintiff listed in her Plan, and in Schedule D, a debt to MorEquity, Inc. Plaintiff's plan proposed to pay mortgage arrears through her plan, as well as her monthly mortgage payment. The regular mortgage payments were to be made by Plaintiff to the Trustee. After the case was filed, the servicing rights to the first mortgage were transferred from MorEquity to Defendant, NATIONSTAR.

10. On or about February 16, 2009, MorEquity filed a Proof of Claim, (Claim #11), in Plaintiff's Bankruptcy. The claim was later transferred to Defendant, NATIONSTAR.

11. On or about March 18, 2014, Plaintiff, JANICE RINGWOOD, received a discharge of her Bankruptcy under section 727 of title 11 of the United States Bankruptcy Code. Notice of Plaintiff's discharge was provided to Defendant, NATIONSTAR, via U.S. Mail.

12. On or about April 3, 2014, Plaintiff received correspondence from Defendant, NATIONSTAR, advising that she had not made payments on her loan since June 15, 2013 and that she was past due in the amount of $11,003.50. The letter further stated that Plaintiff needed to pay the full amount owed on her account.

13. On or about April 15, 2014, Plaintiff received correspondence from Defendant, NATIONSTAR, advising that she had not made payments on her loan since August 15, 2013 and that she was past due in the amount of $9,564.87. The letter

further stated that Plaintiff needed to pay the full amount owed on her account.

14. On or about May 5, 2014, the Chapter 13 Trustee filed the Notice of Final Cure Payment (D.E. 67), which stated that Plaintiff had paid the final cure amount of $54.75 and that the Mortgage has been paid through the Confirmed Chapter 13 Plan through the March 1, 2014 Payment. The Notice further stated that Defendant had twenty-one (21) days to file and serve a statement indicating whether it agreed that Plaintiff had paid in full the amount required to cure the default and whether she was current on all payments.

15. On or June 11, 2014, Plaintiff sent a payment to Defendant, NATIONSTAR, in the amount of $1,419.90. As of this date, Defendant has not cashed Plaintiff's check.

16. On or about June 12, 2014, Defendant provided a Mortgage Payoff Statement to Plaintiff's counsel. The statement provided the following details of amount due:

   a. Principal:            $136,736.33
   b. Interest:             $9,965.71
   c. Late Fees:            $54.75
   d. Lender Paid Expenses: $145.00
   e. Legal Fees:           $3,508.00
   f. County Recording Fee: $10.00

17. Plaintiff, JANICE RINGWOOD, alleges that these charges, following her Discharge, were not applied for by Defendant, NATIONSTAR, prior to her Discharge or approved by the Bankruptcy Court.

18. On or about June 30, 2014, American General Home Equity, Inc. initiated

foreclosure proceedings related to Plaintiff's account, serviced by Defendant, NATIONSTAR.

19. On or about July 10, 2014, Plaintiff sent a payment to Defendant, NATIONSTAR, in the amount of $1,419.90. As of this date, Defendant has not cashed Plaintiff's check.

## COUNT I – CONTEMPT FOR VIOLATION OF THE DISCHARGE INJUNCTION

20. Plaintiff, JANICE RINGWOOD, re-alleges and reincorporates the allegations of paragraphs 1 through 19 of this Complaint.

21. A discharge in a case "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2).

22. Defendant, NATIONSTAR, received notice of the entry of the discharge by means of the Notice sent to it by the Bankruptcy Noticing Center.

23. The actions of Defendant, NATIONSTAR, constitute a gross violation of the Discharge Injunction Order as set forth in 11 U.S.C. § 524(a) and the Order entered in this case on March 18, 2014.

24. The United States Code provides,

> "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). No provision in the Code "shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Id.*

WHEREFORE, Plaintiff, JANICE RINGWOOD, requests judgment against Defendant, NATIONSTAR, for contempt under 11 U.S.C. § 105(a) for violation of 11 U.S.C. § 524(a)(2), and requests actual and punitive damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT II – IMPROPER FEES NOT APPROVED BY THE BANKRUPTCY COURT

25. Plaintiff, JANICE RINGWOOD, re-alleges and reincorporates the allegations of paragraphs 1 through 19 of this Complaint.

26. The actions of Defendant, NATIONSTAR, by including improper and unauthorized fees and expenses, constitute willful, intentional, and gross violations of the provisions of § 105 and 506 of Title 11 of the United States Code and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure.

27. Rule 2016(a) provides in pertinent part that,

> **"Any entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested."**

28. Plaintiff, JANICE RINGWOOD, alleges that no such application for fees or attorney services was filed by the Bankruptcy Court during the pendency of her case.

WHEREFORE, Plaintiff, JANICE RINGWOOD, requests judgment against Defendant, NATIONSTAR, for actual and punitive damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT III – VIOLATION OF 15 U.S.C. § 1692 et seq.

29. Plaintiff, JANICE RINGWOOD, re-alleges and reincorporates the allegations of

paragraphs 1 through 19 of this Complaint.

30. The foregoing acts and omissions by Defendant, NATIONSTAR, constitute violations of the Fair Debt Collection Practices Act (FDCPA), which include, but are not limited to the following:

   a. Defendant, NATIONSTAR, violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

   b. Defendant, NATIONSTAR, violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequences of which is to harass, oppress, or abuse any person in connection with the debt.

31. Defendant, NATIONSTAR, is attempting to collect fees and other expenses that it does not have the right to collect.

WHEREFORE, JANICE RINGWOOD, requests judgment against Defendant, NATIONSTAR, for statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and actual damages pursuant to 15 U.S.C. § 1692k(a)(1), together with interest, costs of suit, and reasonable attorney's fees.

### COUNT IV – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

32. Plaintiff, JANICE RINGWOOD, re-alleges and reincorporates the allegations of paragraphs 1 through 19 of this Complaint.

33. Plaintiff, JANICE RINGWOOD, is a "consumer" as that term is defined by Florida Statute § 501.203.

34. The actions and conduct of Defendant, NATIONSTAR, were unconscionable, unfair and/or deceptive in violation of Florida Statute § 501.204 as follows:

   a. Defendant falsely represented by character, extent, or amount of debt owed by Plaintiff;

   b. Defendant collected or attempted to collect a debt by the use of unfair or unconscionable means.

35. The actions of Defendant have injured and will continue to injure Plaintiff.

36. Defendant, NATIONSTAR, has willfully engaged in the acts and practices alleged herein when Defendant knew and should have known that said acts and practices were unfair and unconscionable.

   WHEREFORE, Plaintiff, JANICE RINGWOOD, requests judgment against Defendant, NATIONSTAR, for statutory damages if the amount of $10,000.00 pursuant to Florida Statute §501.2075, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT V – VIOLATION OF FLA. STAT. 559.72(9)

37. Plaintiff, JANICE RINGWOOD, incorporates the allegations of paragraphs 1 through 19 of this Complaint.

38. Florida Statute § 559.72(9) provides,

   **"In collecting consumer debts, no person shall claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."**

39. Defendant, NATIONSTAR, is attempting to collect fees and other expenses that it does not have the right to collect.

40. Further, Defendant, NATIONSTAR, is refusing to accept Plaintiff's monthly mortgage payments as she is not sending payments that include the fees and expenses that Defendant is illegally attempting to collect.

41. As Plaintiff has not paid the full amount Defendant claims Plaintiff owes on the account, Defendant has initiated foreclosure proceedings

42. The assertions made by Defendant, NATIONSTAR, are clearly illegitimate, illegal, and a direct violation of Florida Statute §559.72(9).

WHEREFORE, Plaintiff, JANICE RINGWOOD, requests judgment against Defendant, NATIONSTAR, for statutory damages in the amount of $1,000.00, and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

### COUNT VI – VIOLATION OF FLA. STAT. § 559.72(7)

43. Plaintiff, JANICE RINGWOOD, incorporates the allegations of paragraphs 1 through 19 of this Complaint.

44. Florida Statute § 559.72(7) provides,

> **"In collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."**

45. By attempting to collect fees and other expenses that it did not have the right to collect, and refusing Plaintiff's payments, Defendant, NATIONSTAR, engaged in conduct which can be expect to abuse or harass Plaintiff.

46. Further, the threats made by Defendant, NATIONSTAR, in its correspondence to Plaintiff were abusive.

47. The foregoing actions constitute a violation of Florida Statute §559.72(7).

WHEREFORE, Plaintiff, JANICE RINGWOOD, requests judgment against Defendant, NATIONSTAR, for statutory damages in the amount of $1,000.00, and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT VII – PERMANENT INJUNCTION

48. Plaintiff, JANICE RINGWOOD, re-alleges and reincorporates the allegations of paragraphs 1 through 19.

49. Plaintiff alleges upon information and belief that pursuant to Rule 706 of the Federal Rule of Bankruptcy Procedure and Rule 65 of the Federal Rules of Civil Procedure, this Court should issue a permanent injunction against Defendant, which would prevent Defendant from charging fees without court approval after proper notice and hearing.

WHEREFORE, Plaintiff, JANICE RINGWOOD, respectfully requests this Court to enter a judgment against the Defendant for the following:

   a. That the Defendant be permanently enjoined by this Court from attempting to collect fees and charges unless and until such fees and charges have been approved by the Bankruptcy Court with proper notice and hearing;

   b. Such other relief as may be just and proper.

Respectfully submitted this 30th day of July, 2014.

*/s/ Kristin E. Scully*
Robert M. Geller
FL Bar # 588105
Kristin E. Scully
FL Bar # 106158
Law Offices of Robert M. Geller, P.A.
807 West Azeele Street
Tampa, Florida 33606
Phone: (813) 254-7687
Facsimile: (813) 253-3405
E-mail: rmgbk@verizon.net
Attorneys for Plaintiff